SAMUEL L. VAN AKIN, Appellant, *v.* ERIE RAILROAD COMPANY, Respondent.

*Destruction of freight in a railroad freight house by fire — it does not establish negligence on the part of the railroad company — exemption in a bill of lading from liability for loss by fire.*

Where freight, destroyed by fire while in the freight house of a railroad company, was shipped under a bill of lading exempting the railroad company from liability for the loss of the freight by fire, the owner of the freight cannot recover its value from the railroad company without showing that the fire was the result of the negligence of the railroad company or of some breach of its duty. The occurrence of the fire does not, of itself, justify an inference of negligence on the part of the railroad company.

APPEAL by the plaintiff, Samuel L. Van Akin, from a judgment of the County Court of Orange county in favor of the defendant, entered in the office of the clerk of the county of Orange on the 13th day of March, 1903, reversing a judgment of a justice of the peace of the town of Deerpark, in said county, in favor of the plaintiff entered on the 5th day of May, 1902.

*Joseph Rosch, Jr.*, for the appellant.

*Philip A. Rorty*, for the respondent.

SECOND DEPARTMENT, MARCH, 1904.            [Vol. 92.

Judgment of the County Court of Orange county affirmed, with costs, on the opinion of the county judge.

All concurred.

The following is the opinion of the county judge:

BEATTIE, J.:

The respondent seeks to sustain the judgment appealed from upon the ground that the defendant was negligent in having a dog in the freight house, which it is claimed must have escaped from the crate or box in which it was shipped and, upsetting the lamp or lamps in the freight house, caused the fire which destroyed the goods belonging to the respondent. The undisputed facts are that the freight which was destroyed reached the station of Lackawaxen at eleven-twenty-five P. M. and was put in the freight house; at one-nine A. M. the dog arrived and was also put in the freight house. The freight house was lighted by two kerosene lamps placed upon a table in the center of the freight room and had been used in that way for about eighteen years. Within half an hour after the dog arrived he gnawed his way out of the crate in which he was confined. He was put back in the crate with the broken slats against the floor and two packages weighing together about fifty pounds were placed on top, to prevent the upsetting of the crate. So far as the proof shows the dog was not seen again and there is no evidence that he again escaped from the crate. At three-forty A. M. the fire was discovered. The witness testified that it was in the upper end of the depot, the entire building ablaze and that he could not distinguish anything. The witness who testified was employed and working about the depot handling freight, baggage and express shipments. There was no evidence that it was his duty to remain at the freight station all that time, and prior to the fire he had been away from the building about forty minutes.

Upon this proof it was wholly uncertain to what cause the fire was attributable. The dog came as freight and was, therefore, properly put in the freight house. Upon its escape it was again carefully confined and so far as the proof shows did not again escape.

Assuming that it did, there is no evidence that it upset the lamps or that the fire originated from the upsetting of the lamps. As was

said in *Whitworth* v. *Erie Railway Co.* (87 N. Y. 419), " the bills of lading contain a general exemption from liability for loss by fire, and the loss having occurred from this cause, it was incumbent on the plaintiff, in order to avoid the effect of the exemption, to show that the fire was the result of the defendant's negligence, or that the loss resulted from some breach of the defendant's duty. The burden was upon the plaintiff to show facts taking the case out of the operation of the exemption clause. * * * Accidental fires, occurring without negligence, are frequent. The occurrence of a fire does not alone justify the inference of negligence."

It is apparent that, as was said in *Seifter* v. *Brooklyn Heights R. R. Co.* (169 N. Y. 254), " the plaintiff's superstructure of speculation and fact combined is, therefore, without any foundation to rest upon and it must fall."

The judgment must be reversed, with costs.